IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

ALBERT L. LAKE, JR.,

        Petitioner,    :        Case No. 2:24-cv-4155

  - vs -                         District Judge James L. Graham
                                  Magistrate Judge Michael R. Merz

SHELBIE SMITH, WARDEN,
 Belmont Correctional Institution,

                                :

        Respondent.

## REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Albert Lake under 28 U.S.C. § 2254 seeking relief from his conviction in the Muskingum County Court of Common Pleas on one count each of one count each of robbery, domestic violence, criminal damaging or endangering and menacing by stalking.  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 11).

The case is before the Court on Respondent's Motion to Dismiss for failure to exhaust available state court remedies (ECF No. 10).  That Motion was filed and served April 7, 2025. Petitioner's opposition to that Motion was required to be filed by May 1, 2025, per S. D. Ohio Civ. R. 7.2, but Petitioner has neither opposed the Motion nor sought an extension of time in which to do so.

Because Petitioner stands convicted of a felony, he had the right to appeal to the Ohio

Supreme Court from the affirmance of his conviction by the Fifth District Court of Appeals which occurred on November 27, 2023 (Opinion and Judgment Entry, State Court Record, ECF No. 9, Ex. 12). From that date, he had forty-five days to appeal to the Ohio Supreme Court or until or until January 11, 2024, to appeal as a matter of right to the Ohio Supreme Court. The State Court Record shows he did not take such an appeal. However, as Respondent points out, he could still seek a discretionary delayed appeal under Ohio S. Ct. R. Prac. 7.01.

Habeas corpus policy requires that petitioners present their claims for a full round of state court review before coming to federal court. *Rhines v. Weber*, 544 U.S. 269 (2005), which authorizes a stay of habeas cases containing both exhausted and unexhausted claims (a "mixed" petition), is not applicable here because none of Petitioner's claims has been exhausted by appeal to the Supreme Court of Ohio.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed without prejudice for failure to exhaust available state court remedies. The dismissal would be without prejudice to Petitioner's filing a new habeas corpus case once appeal to the Ohio Supreme Court had been completed. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and

should not be permitted to proceed *in forma pauperis*.

June 11, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #